UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MELISSA A. PRICE, | : | Case No. 1:21-cv-656 |
|    Plaintiff, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| HARTFORD LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY, | : | |
|    Defendants. | : | |

### ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION
### TO FILE DOCUMENTS UNDER SEAL

This case is before the Court on an unopposed motion by Defendant Hartford Life and Accident Insurance Company ("Defendant") for leave to file the Administrative Record in this case under seal. (Doc. 16).

## I. BACKGROUND

This case arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C §§ 1001, et seq. Parties dispute Plaintiff's entitlement to long term disability benefits under an insurance policy issued by Plaintiff's former employer. In general, parties litigating ERISA cases rely on an Administrative Record of the materials before the insurer when it made the benefit determination at issue in the case. Here, Defendant has already filed a motion for judgment on the pleadings (Doc. 12) and produced the Administrative Record to Plaintiff. The Court ordered Defendant to file the Administrative Record by March 4, 2022. (Doc. 15). Defendant now seeks leave to file the Administrative Record under seal and Plaintiff does not oppose. (Doc. 16).

1

## II.  STANDARD OF REVIEW

In the Sixth Circuit, a party moving to seal court records must overcome a significant burden.  *See Shane Grp. v. Blue Cross Blue Shield*, 825 F.3d 299, 305–06 (6th Cir. 2016); *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–96 (6th Cir. 2016).  The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records."  *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983) … .  And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason.  *See, e.g.*, *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509–11 (1984).

A movant's obligation to provide compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed.  *See Rudd Equip.*, 834 F.3d at 595 (observing that the parties "could not have waived the *public*'s First Amendment and common law right of access to court filings"); *see also In re Knoxville*, 723 F.2d at 475 (same).  Thus, a district court that chooses to seal court records must state specific findings and conclusions "which justify nondisclosure to the public."  *Id.*

## III.  ANALYSIS

In this case, Defendant seeks to the seal the Administrative Record in its entirety due to its "voluminous medical records of Plaintiff and several other documents containing personal identifiers, sensitive medical information, financial information, and other confidential and private information relating to Plaintiff."  (Doc. 16 at ¶ 3).  Defendant represents that the sensitive material in the Administrative Record is so intertwined and

pervasive that selective redactions would leave little of value to the public's interest and, in some cases, produce "almost completely blacked-out documents." *Id* at ¶ 4.  This is enough to satisfy Defendant's heavy burden.  The "strong policy and interest in protecting the non-disclosure of private health and medical information outweighs any public interest in disclosure … ." *Columbia Gas Transmission, LLC v. 171.54 Acres of Land*, 2021 WL 4260422, at *2 (S.D. Ohio Sept. 20, 2021).  And given that Plaintiff's claims focus substantially on the extent of her health conditions, the Court accepts that the Administrative Record is replete with private information.  Accordingly, the Court finds that sealing the Administrative Record is no broader than necessary to shield Plaintiff's personal health information from public view and avoid harm or embarrassment for her, and that the publicly-filed pleadings and briefs will adequately serve the public's minimal interest in this litigation.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's unopposed motion to file under seal is **GRANTED**.

**IT IS SO ORDERED.**

Date:  3/4/2022 　　　　　　　　　　　　　　　　　　　　　_s/Timothy S. Black_
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge